JS6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:25-cv-00879-RGK-RAO | Date | August 26, 2025 |
|---|---|---|---|
| Title | *Mountain Smoke Shop, Inc et al. v. GS Holistic, LLC* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendant: | |
| Not Present | | Not Present | |

**Proceedings:**   (IN CHAMBERS) Order Re: Order to Show Cause [DE 54]

    On June 25, 2025, Mountain Smoke Shop Inc., Akram Hanna, and Rami Georges ("Plaintiffs") filed the operative First Amended Complaint ("FAC") against GS Holistic, LLC ("Defendant"). (ECF No. 36.) In the FAC, Plaintiffs seek relief under Federal Rule of Civil Procedure ("Rule") 60(d)(3) to vacate a default judgment entered against them over two years ago in a separate case before this Court. *See GS Holistic, LLC v. Mountain Smoke Shop, Inc.*, No. 2:22-cv-07411-RGK-RAO (hereafter, the "Original Case"). On August 13, 2025, the Court issued an Order to Show Cause requiring the parties to submit briefing on whether this sort of independent action to vacate a judgment entered in a separate case is appropriate where, as here, Plaintiffs have an alternative avenue for relief —a Rule 60(d)(3) motion in the Original Case.[1] (ECF No. 54.) On August 20, 2025, both parties responded. (ECF Nos. 58, 59.)

    Federal Rule of Civil Procedure 60(d)(1) allows a court to "entertain an independent action to relieve a party from judgment, order, or proceeding." Such an action is an action in equity. *See* 11 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 2868 (3d ed. 1998). "To state such a claim, 'a plaintiff's allegations must satisfy the following requirements of a suit in equity: (1) the plaintiff has a meritorious claim or defense, (2) the plaintiff is diligent and not at fault, (3) there is a lack of alternative remedy, and (4) the judgment is manifestly unconscionable.'" *Wilson v. Leigh Law Grp., P.C.*, 2020 WL 3972574, at *2 (N.D. Cal. July 14, 2020) (quoting *US Care, Inc. v. Pioneer Life Ins. Co.*, 244 F. Supp. 2d 1057, 1061 (C.D. Cal. 2002)).

    Here, as the Court indicated in its Order to Show Cause, Plaintiffs have an alternative remedy—a Rule 60(d)(3) motion in the Original Case. Thus, Plaintiffs cannot satisfy the third requirement for an

---

[1] "A trial court may act on its own initiative to note the inadequacy of a complaint and dismiss it for failure to state a claim," assuming the court gives the plaintiff an opportunity to oppose. *Wong v. Bell*, 642 F.2d 359, 361 (9th Cir. 1981).

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:25-cv-00879-RGK-RAO | Date | August 26, 2025 |
|---|---|---|---|
| Title | *Mountain Smoke Shop, Inc et al. v. GS Holistic, LLC* | | |

independent action in equity.[2] *See Arizona Health Care Cost Containment Sys. v. Centers for Medicare and Medicaid Servs.*, 582 F. Supp. 3d 690, 696 (D. Ariz. 2022) (noting that the plaintiff must affirmatively establish why the relief it is seeking falls within the established doctrine for an independent action in equity, and dismissing Rule 60(d)(1) action because the plaintiff had an alternative avenue for relief available to it); *Taft v. Donellan Jerome, Inc.*, 407 F.2d 807, 808 (affirming dismissal of the plaintiff's independent action to vacate a judgment in a separate case because the plaintiff had an "adequate remedy at law," in the form of a Rule 60 motion in the original case); Restatement (Second) of Judgments § 79 (1983) ("It is the generally recognized rule that the motion procedure, so far as it is available . . . supplants the independent action for relief.").

Plaintiffs spend very little time addressing this issue in their Response to the Order to Show Cause, instead simply insisting that independent actions are authorized by Rule 60(d)(1). But this point is undisputed. The question is whether Plaintiffs have satisfied the requirements for invoking the Court's equitable jurisdiction. As discussed above, they have not.

Accordingly, the Court **DISMISSES** the FAC. The Court **DENIES** Defendant GS Holistics, LLC's Motion to Dismiss [38] as moot. All other deadlines and hearings are vacated. The clerk shall close this case.

**IT IS SO ORDERED.**

|  | : |  |
|---|---|---|
| Initials of Preparer | JRE/aa | |

---

[2] Plaintiffs appear to argue that the requirements described in *Wilson* do not apply here because *Wilson* "was a Rule 60(b)(3) motion." (Pls.' Resp. at 4.) This is incorrect. These are the "general requirements of a suit in equity." *US Care, Inc.*, 244 F. Supp. at 1062.